JRB: USAO 2019R00829

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2021 AUG -5  P 2: 24

CLERK'S ...
AT ...

BY ____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO.**   GJH 21cr305 |
| | * | |
| **ALONZO MCLAUGHLIN, JR., and** | * | **(Conspiracy to Commit Bank Fraud,** |
| **TANEISHA MCDONALD,** | * | **18 U.S.C. § 1349; Forfeiture,** |
| | * | **18 U.S.C. § 982(a)(2) and (b)(1),** |
| **Defendants** | * | **21 U.S.C. § 853(p))** |
| | * | |

*******

## INDICTMENT

## COUNT ONE
### (Bank Fraud Conspiracy)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all relevant times to this Indictment:

1.      Defendant **ALONZO MCLAUGHLIN, JR. ("MCLAUGHLIN")** was a resident of Maryland.

2.      Defendant **TANEISHA MCDONALD ("MCDONALD")** was a resident of Maryland and a postal mail carrier.

3.      Company A, Company B, Company C, Company D, Company E, and Company F were companies that paid for goods and services by check sent through the U.S. Mail, including payments to vendors located in and around Laurel, Maryland.

4.      Company G, Company H, and Company I were companies located in and around Laurel, Maryland, that provided goods and services to the public, including providing goods and services to Company A, Company B, Company C, Company D, Company E, and Company F.

5.      M&T Bank was a financial institution headquartered in Buffalo, New York, that operated in Maryland and other states.   The deposits of M&T Bank were insured by the Federal Deposit Insurance Corporation.

6.      Bank of America, N.A., was a financial institution headquartered in Charlotte, North Carolina, that operated in Maryland and other states.   The deposits of Bank of America, N.A., were insured by the Federal Deposit Insurance Corporation.

7.      Wells Fargo Bank, N.A., was a financial institution headquartered in San Francisco, California, that operated in Maryland and other states.   The deposits of Wells Fargo Bank, N.A., were insured by the Federal Deposit Insurance Corporation.

### The Conspiracy

8.      From at least in or about August 2019 and in or about November 2020, in the District of Maryland and elsewhere, the defendants,

**ALONZO MCLAUGHLIN, JR., and
TANEISHA MCDONALD,**

did knowingly combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to commit bank fraud, that is, to execute and attempt to execute a a scheme and artifice to defraud M&T Bank, Bank of America, N.A., and Wells Fargo Bank, N.A. (collectively, "the victim financial institutions"), and to obtain monies, funds, credits, assets, and securities owned by, and under the custody or control of, the victim financial institutions, by means of materially false and fraudulent pretenses, representations, and promises ("the scheme to defraud"), in violation of 18 U.S.C. § 1344.

### Manner and Means of the Conspiracy and Scheme to Defraud

It was part of the conspiracy and scheme to defraud that:

9.      **MCDONALD** would steal checks from the U.S. Mail and provide those checks to **MCLAUGHLIN**.

10.      **MCLAUGHLIN** would receive stolen checks from **MCDONALD**, negotiate the checks, and then deposit associated monies into various accounts ("Drop Accounts") held in the names of other individuals at the victim financial institutions.

11.      **MCLAUGHLIN** would then transfer, withdraw, or debit the funds from the Drop Accounts, including by ATM withdrawals, money transfer service transfers, and debit card transactions, among other means.   Some of the deposited funds were used to fund postal money orders.

12.      In return for **MCDONALD** having provided stolen checks, on at least one occasion **MCLAUGHLIN** paid **MCDONALD** with at least one money order drawn from stolen funds.

### Overt Acts

13.      In furtherance of the conspiracy, and to effect the objects thereof, **MCDONALD**, **MCLAUGHLIN**, and others known and unknown to the Grand Jury committed and caused to be committed the following acts, among others, in the District of Maryland and elsewhere:

a.      On August 26, 2019, **MCLAUGHLIN** deposited without authorization check number 11602 for $6,967.45 from Company A and payable to Company G. **MCLAUGHLIN** made the deposit into an M&T Bank account using an ATM in Largo, Maryland, as captured on security footage.

b.      On August 30, 2019, **MCLAUGHLIN** deposited without authorization check number 1734 for $9,184 from Company B and payable to Company G.   **MCLAUGHLIN** made the deposit into a Bank of America account using an ATM in Lanham, Maryland, as captured on security footage.

c.      On October 4, 2019, **MCLAUGHLIN** deposited without authorization check number 201448 for $96,754.50 from Company C and payable to Company H. **MCLAUGHLIN** made the deposit into an M&T Bank account using an ATM in Laurel, Maryland, as captured on security footage.

d.      On December 31, 2019, **MCDONALD** cashed a U.S. Postal money order for $1,000 made out in her name.   She had received the money order from **MCLAUGHLIN** in payment for stealing checks from the mail and delivering them to him.

18 U.S.C. § 1349

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 982(a)(2)(A) and (b)(1) and 21 U.S.C. § 853(p) in the event of the defendants' conviction on Count One of this Indictment.

### Bank Fraud Forfeiture

2.      Upon conviction of the offense set forth in Count One, the defendants,

**ALONZO MCLAUGHLIN, JR., and
TANEISHA MCDONALD,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained as a result of such offense.

### Substitute Assets

3.      If, as a result of any act or omission of the defendants, any such property subject to forfeiture:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty;

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

18 U.S.C. § 982(a)(2) and (b)(1)
21 U.S.C. § 853(p)

Jonathan F. Lenzner
Acting United States Attorney

**SIGNATURE REDACTED**

Foreperson

August 5 , 2021

6